```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/20/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMANDA JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>L'OREAL USA.,<br><br>　　　　　　Defendant. | Case No. 1:18-cv-09786 (DAB)<br><br>**STIPULATED PROTECTIVE ORDER AND FRE 205(D) AND (E) CLAWBACK ORDER** |

　　　　WHEREAS, Plaintiff Amanda Johnson and Defendant L'Oréal USA (collectively, the "Parties") in the above-captioned matter have agreed that the proceedings in the above-captioned matter may involve the discovery and use of confidential, non-public, sensitive, and/or proprietary employee, patient, business, tax, financial, medical and personally identifiable information, documents and other materials;

　　　　WHEREAS, the Parties have agreed to produce such documents only on the agreement that such "Confidential" information or item will be disclosed only as provided herein;

　　　　WHEREAS, the Parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a Parties' discovery request or informal production;

　　　　WHEREAS, both Parties may be required to produce large volumes of Documents, the Parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third

parties and other Federal and State proceedings, and in addition to their agreement, need the additional protections of a Court Order under FRE 502(d) and (e) to do so.

WHEREAS, in order to comply with applicable discovery deadlines, a party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures"). This Stipulated Protective Order and Clawback Order (the "Order") is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

    (a)    was not inadvertent by the Producing Party;

    (b)    that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

    (c)    that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

    (d)    that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

WHEREAS, because the purpose of this Order is to protect and preserve privileged Documents, the Parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

THEREFORE, the Parties seek the entry of the Order, pursuant to Federal Rule of Civil Procedure 26(c), governing the disclosure of documents and information therein designated as "Confidential" on the terms set forth herein, as well as an Order, pursuant to FRE 502, governing the return of inadvertently produced documents and data and affording them the protections of FRE 502(d) and (e), on the terms set forth herein.

**THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:**

1. This Stipulation and Protective Order of Confidentiality (the "Order") shall apply to any documents or information that the Parties provide during discovery in this action (the

"Action") and designate as confidential. Documents and information that may be designated as confidential for the purposes of this Action shall include but are not limited to the salary, compensation and benefits information, disciplinary records, performance evaluations and all other personnel and patient information relating to individuals other than the plaintiff in this litigation, internal investigations undertaken by Defendant, patient information, quality review policies and procedures and information, information protected from disclosure by HIPAA, information protected from disclosure by New York Public Health Law Section 2805-m, and all communications involving any of the foregoing areas ("Confidential Material"). The Parties shall act in good faith in designating documents or information hereunder as Confidential Material. This Order also shall apply to Confidential Material used or revealed during a deposition or in answers to interrogatories. The Parties shall address with the Court at the final pretrial conference the use of Confidential Material at a hearing or trial or other proceeding. It is agreed and understood by Plaintiff and Defendant that such documents and/or information may contain highly confidential and/or proprietary information.

2. All materials designated as Confidential Material shall be clearly marked "CONFIDENTIAL" on the face of the document.

3. In lieu of marking the originals of documents, the Parties may mark the copies that are produced or exchanged.

4. Materials marked "CONFIDENTIAL" pursuant hereto and their contents shall be used solely for purposes of this Action and not for any other purpose, and shall not be disseminated by the Parties or their attorneys in any manner, orally or in written form, to anyone other than:

a. Counsel of record for the Parties, and the paralegal, clerical and secretarial staffs employed by such counsel, only to the extent necessary to render professional services in this Action;

b. Plaintiff;

c. Defendant;

d. the Court in which this Action is pending;

e. Employees of Defendant who Defendant determines may have knowledge of the underlying dispute and/or may serve as witnesses in this matter;

f. Experts and consultants retained by counsel for the Parties in connection with this Action, who are assisting counsel in the prosecution or defense of this Action;

g. Any court reporter present in his or her official capacity at any hearing, deposition or other proceeding in this Action;

h. Any witness who counsel for a party in good faith believes may be called to testify at trial, hearing or deposition in this action or is called to testify at trial, hearing or deposition in this action (and their counsel), provided such person (a) has been identified in discovery as a person with knowledge of relevant facts; and (b) prior to disclosure, been advised of the contents of this Order; and

i. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy.

5. All records containing Confidential Information provided by a party or by a third

party shall also be covered by this Order and be deemed "CONFIDENTIAL." This Order does not substitute for or limit any obligation imposed on the Parties by HIPAA or by New York Public Health Law, Section 2805-m.

6. Prior to disclosure by the Parties or their attorneys of any Confidential Material to any person referred to in paragraphs 4(f) and 4(h) of this Order, counsel shall provide such person with a copy of this Order and that person must agree to be bound by its terms by executing the form annexed hereto as Exhibit A.

7. Prior to filing any document marked by the opposing party as "CONFIDENTIAL," the non-producing party shall e-mail a copy of the documents that it intends to file with the Court at least ten (10) calendar days in advance of the filing. The producing party shall advise the non-producing party within seven (7) calendar days whether it objects to that filing and believes that the documents should be filed under seal. This schedule shall apply unless the timeframe for the particular motion makes this timing unfeasible, in which case the parties shall confer to determine an appropriate timeframe.

If the non-producing party still intends to file the documents with the Court, the producing party shall ~~file a request with the Court to have such documents or information filed under seal~~ file a motion to seal the documents pursuant to Judge Schofield's Individual Rules. No documents or information filed under seal shall be made available to third parties or the public, except by further order of this Court, a subsequent written agreement executed by the Parties, or in accordance with the terms of this Order.

~~In the event that a party's motion to file under seal is still pending while a Court-ordered motion deadline (e.g., a summary judgment filing deadline) approaches, the parties agree to refrain from filing publicly the disputed exhibits as part of their motion filing and instead identify the exhibits by their bates numbers. The parties may include the disputed exhibits in~~

5

their courtesy copy to the Court, noting in a cover letter that the exhibits were not filed publicly because they are the subject of a pending motion to file under seal.

9. Should this matter proceed to trial, the parties agree to meet-and-confer to discuss the confidentiality of documents to be used as exhibits during trial, and further discuss those issues with the Court at the final pre-trial conference.

10. All Confidential Material shall be used solely for the purpose of the prosecution or defense of this Action, including any appeals or retrials.

11. The Parties may object to the designation of any document or information as "CONFIDENTIAL" by presenting a motion to the Court for an in camera inspection and/or a determination regarding confidentiality within 60 days after having received it. Any documents or information that are designated as Confidential Material shall be treated as such unless and until the Court rules that such materials are not confidential. The burden of establishing confidentiality remains at all times on the party asserting confidentiality.

12. This Order shall not: (a) prejudice in any way the right of a party to object to the production of documents or information it considers not subject to discovery; (b) prejudice in any way the right of a party to seek a court determination of whether particular discovery material should be produced; (c) prejudice in any way the right of a party to object to the introduction into evidence of any documents or information it considers inadmissible; or (d) prejudice in any way a party's right to use its own documents or information, which may or may not have been designated by a party as "CONFIDENTIAL," in any manner without consent of the opposing party or Court.

13. The Parties and their counsel shall maintain all Confidential Material in a secure

manner so as to avoid disclosure of its contents.

14. Nothing herein shall preclude the Parties from entering into a subsequent agreement, executed by counsel for the Parties, to withdraw a "CONFIDENTIAL" designation in connection with any motions or the trial of this Action.

15. Upon final termination of this Action and any appeals, any person in possession of Confidential Material shall, upon written request, promptly return the Confidential Material, including all copies and excerpts, to counsel for the producing party, or confirm in writing that the Confidential Material was destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

16. This Order shall be, and is hereby, adopted by the undersigned, as an Order of this Court, submitted to the Court for signature, which shall be effective *nunc pro tunc* to the date hereof.

17. The inadvertent, unintentional or in camera disclosure of Confidential Material shall not be deemed a waiver of any claims of confidentiality.

18. **CLAWBACK AGREEMENT**

Pursuant to FRE 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

    (a) The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving

Party, shall in no way constitute the voluntary disclosure of such Document.

(b) The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c) If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

   i. the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is

under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

 ii. If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(d) If, during the course of this litigation, a party determines it has produced a Protected Document:

 i. the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the

9

Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

    ii. The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

(e) To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs 16(c)(ii) and 16(d)(i), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f) The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting

Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

i. the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

ii. the disclosure of the Protected Documents was not inadvertent;

iii. the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

iv. the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(g) Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's order. The burden of establishing the claim of privilege remains at all times on the party asserting the privilege.

(h) Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

(i) Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically

stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

(j) Once executed by all parties, this Stipulation shall be treated by the parties as an Order of Court until it is formally approved by the Court.

(j) By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of FRE 502 (d) and (e).

The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

Dated: February 20, 2020
    New York, New York

*[signature]*

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

So Stipulated and agreed:

| | |
|---|---|
| **VLADECK, RASKIN & CLARK, P.C.**<br>Attorneys for Plaintiff | **LITTLER MENDELSON, P.C.**<br>Attorneys for Defendant |

By: _____
Anne C. Vladeck
Valdi Licul
Matthew E. Stein
565 Fifth Avenue, 9th Floor
New York, New York 10017

By: _____
Jean L. Schmidt
Maayan Deker
900 Third Avenue
New York, New York 10022

Dated: 1/22, 2020

Dated: 1/22, 2020

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMANDA JOHNSON,

        Plaintiff,

v.

L'OREAL USA,

        Defendant.

Case No. 1:18-cv-09786 (DAB)

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York in the case of *Amanda Johnson v. L'Oréal USA Case No: 18-cv-09786*. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I will limit use of Confidential Material disclosed to me solely for purpose of this action. No later than the final conclusion of the case, I will return or destroy all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____       _____