UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
AMANDA JOHNSON,                                                         :
                                                                        :
                                Plaintiff,                              :
                                                                        :    18-CV-9786 (JPC)
                -v-                                                     :
                                                                        :    ORDER
L'OREAL USA,                                                            :
                                                                        :
                                Defendant.                              :
                                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On March 24, 2021, Plaintiff, on behalf of Defendant, moved to seal certain documents and exhibits attached to her opposition to Defendant's motion for summary judgment, Dkt. 115, and on March 26, 2021, Defendant filed letter explaining why it seeks to seal those documents, Dkt. 119. The Court understands that Plaintiff has also requested that ECF Support place two filings, Exhibits 3 and 30 to Docket Number 112, under emergency seal. In addition, Defendant has requested until April 20, 2021 to submit its reply papers in support of its motion for summary judgment, and has requested permission to file a reply of 15 pages. Dkt. 120.

      The Court first considers the request to seal Exhibits B, C, D, E, and R to Docket Number 116. These documents, submitted in connection with a motion for summary judgment, are "judicial documents," and there therefore exists a strong presumption of public access to the information. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Although "the mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access," *Aioi Nissay Dowa Ins. Co. v. Prosight Specialty Mgmt. Co., Inc.*, No. 12 Civ. 3274 (JPO), 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012) (internal quotation marks omitted), Defendant's interest in maintaining certain sensitive company

information confidential and the privacy interests of non-party employees outweigh the presumption of public access to Exhibits B, C, D, and E, at least at this stage of the case. *See Girl Scouts of U.S. v. Boy Scouts of Am.*, No. 18 Civ. 10287 (AKH), 2021 WL 76293, at *1 (S.D.N.Y. Jan. 8, 2021) ("A party's interest in preserving competitively sensitive business operations is an example of the type of confidential information that merits sealing."); *Valassis Commc'ns, Inc. v. News Corp.*, No. 17 Civ. 7378 (PKC), 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) ("[T]he [c]ourt finds that the presumption of public access is outweighed by [plaintiff's] business secrecy interest as well as by the personal privacy interests of the relevant employees in the compensation and bonuses received by individual . . . employees [of plaintiff]."); *In re Digital Music Antitrust Litig.*, 321 F.R.D. 64, 82 (S.D.N.Y. 2017) (concluding that "internal pricing strategies and competitive pricing data" are "sufficiently sensitive to warrant redaction"). In addition, the privacy interests of non-parties outweigh the presumption of public access as to Exhibit R. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (noting that "embarrassing conduct with no public ramifications" is traditionally considered private).

The Court will, however, permit these exhibits to be filed only provisionally under seal, and will issue a final decision on whether to maintain these exhibits under seal after disposition of Defendant's motion for summary judgment. *See Citigroup, Inc. v. Abu Dhabi Inv. Auth.*, 13 Civ. 6073 (PKC) (S.D.N.Y.), Dkt. 30 (provisionally accepting redactions but "reserv[ing] the right to reassess those redactions when [the court] has a better understanding of the relationship, if any, of the redacted materials to the parties' motions"); *Church & Dwight Co. Inc. v. SPD Swiss Precision Diagnostics, GmbH*, No. 14 Civ. 585 (AJN), 2014 WL 7238354, at *4 (S.D.N.Y. Dec. 19, 2014) (provisionally granting redaction requests while reserving the right to "revisit [the court's] decision . . . following the resolution of the present dispute or upon request"); *cf. Avocent Redmond Corp. v. Raritan Am., Inc.*, No. 10 Civ. 6100 (PKC), 2012 WL 3114855, at *15 (S.D.N.Y. July 31, 2012)

("The Court concludes that the weight given to the presumption of access is less in this case because the limited quantity of confidential information does not go to the heart of the judicial process. The information is at the margins of this Court's rulings and has not required the Court to redact any portion of its Memorandum and Order.").

The parties must, however, justify the continued sealing of Exhibits 3 and 30 to Docket Number 112. Plaintiff and Defendant must, by April 13, 2021, meet and confer and file a joint letter explaining their views as to whether those exhibits should be filed under seal or in redacted form. In the event that the parties agree that the exhibits should be filed with particular redactions, the parties must provide the proposed redactions to the Court. In the event there is disagreement as to the treatment of Exhibit 3 and/or Exhibit 30, the party seeking to file the exhibit under seal or in redacted form must submit a separate letter explaining why such treatment is necessary, including by identifying particular portions of the deposition transcripts that the party believes should not be publicly filed and the basis for that position. To allow for a full discussion of the proffered grounds for sealing, the party seeking sealing or redactions may initially file its letter under seal, with notice to the opposing party. In doing so, the party must also propose redactions that are "narrowly tailored" to serve any purported interests and are "essential to preserve higher values," *United States v. Erie Cty.*, 763 F.3d 235, 239 (2d Cir. 2014), or must explain why no redactions are possible. To the extent the opposing party disagrees with the requested treatment of the exhibit or exhibits, that party may file an opposition by April 13, 2021. In the event the lead letter is filed under seal, the opposing letter also shall be initially filed under seal.

Finally, the Court grants Defendant's request for an extension until April 20, 2021 to submit its reply papers in support of its motion for summary judgment. It may submit a reply brief of up to 15 pages.

The Clerk of the Court is respectfully directed to terminate the motions pending at Docket

Numbers 115 and 120.

    SO ORDERED.

Dated: March 30, 2021
       New York, New York

                                                JOHN P. CRONAN
                                      United States District Judge